UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEROME HARDENE,                    )
                                   )
        Movant,                    )
                                   )
    vs.                            )        Case No. 4:06-CV-1068 (CEJ)
                                   )
UNITED STATES OF AMERICA,          )
                                   )
        Respondent.                )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jerome Hardene to vacate,
set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has
filed a response addressing the merits of the motion. After the government's response
was filed, Hardene filed a motion for leave to amend the motion to vacate. Much of
the proposed amendment consists of a reiteration of the allegations made in the
original motion. The proposed amendment also contains claims that were not raised
in the original motion, but that are based on arguments made in the original motion.
The government objects to any amendment of the original motion.

The Court will allow the amended motion to be filed, and will consider the
additional claims it contains. However, the government will not be required to file a
response to the merits of the new claims, as the Court believes they can be resolved
on the basis of the present record.

### I. Background

On May 24, 2004, Hardene pled guilty to aiding and abetting the attempted use
of an unauthorized access device (Count Two), in violation of 18 U.S.C. §§
1029(a)((2), 1029(b)(1), and 2.    Under oath and in the plea agreement and
stipulation of facts he signed, Hardene admitted that he obtained personal information

belonging to an individual identified as "K.K." and that he used that information to manufacture a Missouri driver's license bearing K.K.'s name and a photograph of his accomplice, Angela Hrobowski. Hardene also admitted that the counterfeit driver's license was then used to obtain a Lowe's Home Improvement store credit card that bore K.K.'s name. Further, Hardene admitted that he drove Hrobowski to a Lowe's store in Florissant, Missouri, on March 24, 2003, with the intent that the unauthorized credit card would be used to obtain merchandise without paying for it. Hrobowski attempted to use the credit card to buy merchandise valued at $5,661.00, but the credit purchase was denied. Hardene and Hrobowski were arrested at the store.

According to the plea agreement and stipulation, law enforcement officers searched Hardene's home on March 25, 2003. There, they found loan documents bearing K.K.'s name, false identification cards, and identification-making equipment. The officers also found records associated with other known victims of identity theft, including checks and identification documents bearing those victims' names.

In addition to the charge in Count Two, the indictment charged Hardene with conspiracy to commit credit card fraud, in violation of 18 U.S.C. § 371 (Count One) and three counts of fraudulent use of a Social Security account number, in violation of 42 U.S.C. § 408(a)(7)(B) (Counts Three, Four and Five). The government agreed to dismiss these counts pursuant to the plea agreement.

After receiving the presentence report, counsel for Hardene and counsel for the government filed objections directed to the Sentencing Guidelines calculations.[1] At the sentencing hearing on February 1, 2005, the Court, after hearing evidence presented by the government, found that Hardene's offense level should be adjusted upward

---

[1]The 2003 edition of the United States Sentencing Guidelines Manual was used at sentencing, and all references in this opinion are to that edition.

because (1) the amount of loss was more than $120,000 but less than $200,000 (See U.S.S.G. § 2B1.1(b)(1)(F)) and (2) Hardene used his minor son in the commission of a crime (See U.S.S.G. § 3B1.4).[2]   The Court further found that Hardene was not entitled to a two-level decrease based on U.S.S.G. § 3E1.1, because he engaged in post-plea conduct that was contrary to acceptance of responsibility.[3]   Hardene's criminal history category was V and his total offense level was 22; under the Sentencing Guidelines, the resulting imprisonment range was 77-96 months.   After considering the relevant factors under 18 U.S.C. § 3553, the Court sentenced Hardene to a term of imprisonment of 100 months.[4]   His appeal of the judgment was dismissed. United States of America  v. Jerome Hardene, No. 05-1452 (8th Cir. May 12, 2005).

In his original and amended motions, Hardene asserts the following grounds for relief: (1) ineffective assistance of counsel; (2) deficiency of the indictment; and (3) prosecutorial misconduct.

## II.  Discussion

### A.  Ineffective Assistance of Counsel

---

[2] The Court sustained Hardene's objection to the offense level increase that was based on the assertion that he was in the business of receiving and selling stolen goods.  See U.S.S.G § 2B1.1(b)(4).

[3]After the change of plea hearing, Hardene filed numerous pro se motions, including a motion to withdraw his guilty plea and motions seeking discovery and subpoenas.  He also sent a number of letters to the Court in which he asserted his innocence and complained about his attorney's performance.   On July 28, 2004, an order was entered prohibiting Hardene from filing any pro se documents without leave of court and directing him to cease sending correspondence to the Court.  Hardene continued to send letters to the Court, despite the order.

[4]The sentencing hearing was delayed due to the pending decision in United States v. Booker, 543 U.S. 220 (2005).
The statutory penalties included a sentence of imprisonment of not more than ten years.

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate that if it were not for counsel's errors, he would have not pled guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive, A court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

### 1. Failure to investigate

Hardene first claims that he was denied effective assistance of counsel as a result of his attorney's failure to conduct an adequate investigation of the facts concerning the Lowe's credit card application. According to Hardene, if defense counsel had conducted discovery he would have learned that Hrobowski had given perjured testimony to the grand jury and learned of the existence of an alibi defense that Hardene could have asserted at a trial.

Initially, the Court finds that Hardene's allegations are belied by the record of the criminal case. See United States v. Jerome Hardene, No. 4:03-CR-609 (E.D.Mo.). Indeed, the record shows that defense counsel filed a number of pretrial discovery motions, including a motion for disclosure of favorable evidence and impeachment information. The police reports were given to the defense at arraignment. Other discovery materials—*i.e.*, Hrobowski's statements, her grand jury testimony, her prior convictions, and her plea agreement—were provided weeks before the trial date. The government represented that it had no evidence favorable to the defense, and

−4−

Hardene does not dispute that representation here. However, Hardene asserts that some of the discovery materials that his attorney obtained could have been characterized as favorable to the defense. Thus, the essence of Hardene's claim is not that his attorney didn't obtain evidence. Rather his claim is that his attorney didn't share his view that the evidence was favorable.

Hardene argues that defense counsel failed to discover evidence of Hrobowski's perjured grand jury testimony and her inconsistent statements to law enforcement pertaining to the preparation of the Lowe's credit card application. This argument is factually baseless, for, as discussed above, defense counsel did obtain Hrobowski's statements to law enforcement, her grand jury testimony, and information about her criminal history before trial. However, even if these materials showed inconsistencies in her statements or testimony, Hardene cannot show that he was prejudiced. Count Two charged Hardene with aiding and abetting the attempted use of an unauthorized access device by "direct[ing] Angela Hrobowski to use a Lowe's Home Improvement Store credit account that Angela Hrobowski opened using a counterfeit identification card provided by the defendant . . ." Hardene contends that counsel should have retained a handwriting expert to prove that Hrobowski filled in the application. The indictment contained no allegations that Hardene completed or submitted the credit card application. Any evidence relating to the circumstances of the application's creation was unnecessary to establish the elements of the offense charged in Count Two or the offenses charged in the remaining counts.

Hardene does not assert that he provided any information to his attorney that would have established an alibi, *i.e.*, a defense which if believed by the jury would have exonerated him. Indeed, the government's evidence included video surveillance tapes showing Hardene and Hrobowski together at the Lowe's store on March 24, 2003

(the date of their arrest) and items seized during the search of Hardene's home that clearly linked him to the to the manufacture of false identification documents and to the possession of identification information belonging to K.K and others. Again, much of the so-called alibi evidence that Hardene refers to in his motion is nothing more than his own characterization of the discovery materials. The remaining "alibi" evidence that Hardene refers to pertains to video surveillance that purported to show him at a Sam's Club store in February 21, 2003 and evidence he states would have proved that he did not give the Lowe's credit card application to Hrobowski, none of which was relevant to the charges in the indictment.[5] Hardene was not charged with any offense that involved Sam's Club or that was committed on February 21, 2003, nor was he charged with completing or providing a false credit card application.

### 2. **Failure to file motions to dismiss the indictment, to sever counts, and to suppress evidence**

Hardene next claims that he was denied effective assistance of counsel because his attorney failed to seek dismissal of the indictment on grounds of perjury, variance, factual inconsistencies, and constructive amendment. This argument is based on the grand jury testimony and statements to law enforcement given by Hrobowski about the manner in which the Lowe's credit card application was prepared and submitted, the date of the application, and her knowledge of how K.K.'s identification information was obtained.

---

[5]This evidence consists of medical records dated August 2003, showing that Hardene had surgery for a right leg injury he reportedly sustained in 2000 and that crutches and a wheelchair were prescribed. The February 2003 video surveillance from the Sam's Club store showed a man on crutches wearing a cast on his right leg. Police interviewed witnesses who identified the as Hardene. Hardene asserts that the medical records could have been used by defense counsel to prove that he was not wearing a cast or using crutches in February 2003.

As discussed above, evidence concerning who filled out and signed the application and how the information on the application was acquired was not relevant to any charge in the indictment. Additionally, Hardene presents no more than his bare assertion that Hrobowski committed perjury. Moreover, there is nothing about the testimony or statements that would have supported a motion to dismiss the indictment on the grounds of variance or constructive amendment. There was no variance because this is not a case in which the evidence at trial proved facts other than those alleged in the indictment. See, *e.g.*, United States v. Morales, 113 F.3d 116, 119 (8th Cir. 1997). Likewise, there was no constructive amendment, as there was no evidence presented at trial that proved a crime other than those charged in the indictment. See, *e.g.*, United States v. Harris, 344 F.3d 803, 804-05 (8th Cir. 2004).

With respect to the issue of severance, Hardene argues that his attorney should have filed a motion to sever Counts One and Two from Counts Three, Four and Five. Although defense counsel did not file a motion to sever, Hardene makes no showing that he suffered prejudice. All five counts were similar in that they involved the fraudulent use of identification information belonging to other individuals for the purpose of obtaining something of value---be it money, property or a loan. Because the crimes charge in each count were "of the same or similar character" or were "connected with or constitute[d] a common scheme or plan," they were properly joined under Fed. R. Crim. P. 8(a). Hardene has not shown a reasonable probability that a motion to sever counts would have been successful and, therefore, he is not entitled to relief on this claim. See Deroo v United States, 223 F.3d 919, 926 (8th Cir. 2000).

Next, Hardene complains about his attorney's performance in seeking to suppress evidence seized pursuant to a search warrant and evidence and information obtained from his girlfriend, Tanya Shaw. Contrary to Hardene's allegations, defense

counsel did move to suppress the evidence seized during the search of Hardene's home, asserting specific challenges to the validity of the search warrant and to the veracity of the information in the search warrant affidavit, and requesting a Franks hearing.[6]  An evidentiary hearing was conducted at which defense counsel cross-examined the government's witnesses, including the Secret Service agent who submitted the affidavit.  Defense counsel also objected to the magistrate judge's recommendation that the suppression motions be denied.  Defense counsel had no grounds for moving to suppress evidence or information obtained from Tanya Shaw, because Hardene had no standing to assert any violation of her constitutional rights. The fact that the motions to suppress were unsuccessful does not establish prejudice. See United States v. Reed, 756 F.3d 654, 657 (8th Cir. 1985).  Because Hardene has not shown that he was prejudiced by counsel's alleged deficiencies, he is not entitled to relief.

### 3.  Failure to advise of consequences of guilty plea

Hardene alleges that his attorney failed to advise him of the waiver of appeal provision in the plea agreement and of the relevant conduct that could affect the calculation of his guideline range.[7]  Even if these allegations are true, Hardene cannot demonstrate prejudice.  During the change of plea proceeding, Hardene stated under oath that he understood that he was waiving his right to appeal all non-jurisdictional issues, except any departure from the Sentencing Guidelines range.  He further stated that he had been given the opportunity to read the plea agreement and discuss it with

---

[6]Franks v. Delaware, 438 U.S. 154 (1978).

Defense counsel also moved to suppress statements Hardene made following his arrest.

[7]Hardene makes reference throughout his motion to a waiver of indictment and to a "lesser included offense."  However, Hardene did not waive indictment nor did he plead guilty to a lesser included offense.

his attorney.  During the proceeding, Hardene asked questions about several parts of the plea agreement.  He did not ask about the waiver of appeal provision or give any indication that he did not understand it.  Nevertheless, defense counsel did appeal the judgment.

Additionally, the plea agreement specifically recited the parties' agreement to recommend upward adjustments to Hardene's base offense level based on U.S.S.G. § 2B1.1(b)(9) (offense involved possession and use of device-making equipment and the unauthorized use of a means of identification unlawfully to produce or obtain another means of identification), U.S.S.G. 2B1.1(b)(4) (offense involved receiving stolen property and the defendant was involved in the business of receiving and selling stolen property), U.S.S.G. 3B1.1(c) (defendant was an organizer, leader, manager, or supervisor in the criminal activity), and U.S.S.G. 3B1.4 (the defendant used or attempted to use a person under 18 years old to commit the offense or to assist in avoiding detection of or apprehension for the offense).  Hardene clearly understood that the adjustments would affect his sentence.  Additionally, during the hearing, Hardene retracted his stipulation to the adjustment based on the amount of loss, and the parties agreed to strike it from the plea agreement.[8]  Thus, Hardene understood that he could seek changes to the plea agreement.  In response to questioning by the Court, Hardene stated that he understood that the Sentencing Guidelines would be considered in determining his sentence and that he had discussed this with his attorney.

Hardene also alleges that his attorney failed to advise him of the existence of an alibi defense to rebut Hrobowski's grand jury testimony that Hardene gave her the

---

[8]He also retracted his stipulation with respect to the forfeiture of property and as to his satisfaction with counsel, and these, too, were struck from the agreement.

fraudulent Lowe's credit card application.    As discussed above, Hardene points to no evidence or information that would have established an alibi defense to the charge in Count Two.    He also alleges that his attorney failed to advise him that the plea agreement contained a statement that Hardene had manufactured a document using K.K.'s personal information.    However, Hardene stated under oath that he agreed with this statement in the plea agreement, and that he had in fact manufactured a driver's license bearing K.K.'s personal information and Hrobowski's photograph.

The transcript of the change of plea proceeding clearly establishes that Hardene was advised of all of the consequences of pleading guilty to the charge in Count Two.  All of his questions were answered by the Court, and Hardene stated under oath that he understood the contents of the plea agreement and the punishment he faced, and that he was pleading guilty voluntarily.   Hardene cannot show that he was prejudiced by the alleged deficiencies of his attorney.

### B.  Deficiency of Indictment

Hardene challenges the validity of the indictment on two grounds.   First, he asserts that Count Two is based on an unconstitutional statute.  He does not, however, provide any support for this assertion.  Second, he asserts that the charge in Count Two is not supported by the facts set forth in the plea agreement.   This assertion is also without merit. The facts Hardene stipulated to, in writing and under oath, established all of the elements of an offense in violation of 18 U.S.C. § 1029(a)(2), (b)(1), and 2.

### C.  Prosecutorial Misconduct

Hardene's prosecutorial misconduct claim is based on his assertion that he was indicted even though the prosecutor knew that Hrobowski was the "lone author" of the Lowes credit card.  Hardene also asserts that the indictment alleges that he committed

the offense in Count Two on March 24, 2003, despite the prosecutor's knowledge that the offense was committed on March 21, 2003, the date on which Hrobowski completed the application. As previously discussed, Hardene was not charged with authoring the application and the circumstances attendant to the application's creation were irrelevant. Hardene's claim of prosecutorial misconduct is without merit.

### IV. Conclusion

For the foregoing reasons, the Court concludes that Hardene has not shown that he is entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion and amended motion. The Court finds that Hardene has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Jerome Hardene for leave to amend motion to vacate, set aside, or correct sentence  is **granted**.

**IT IS FURTHER ORDERED** that the motion and amended motion of Jerome Hardene to vacate, set aside, or correct sentence, and his request for an evidentiary hearing [Doc. Nos. 1 and 8] are **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2009.